UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GLYNN JONES,

                      Plaintiff,

        v.

HARISH MOORJANI,
SUNDARAM RAVIKUMAR, and
MOUNT VERNON HOSPITAL,

                      Defendants.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 31, 2014

13 Civ. 2247 (PAC) (JLC)

ORDER ADOPTING REPORT
AND RECOMMENDATION

HONORABLE PAUL A. CROTTY, United States District Judge:

On April 4, 2013, pro se Plaintiff Glynn Jones ("Jones") sued Defendants Harish Moorjani ("Dr. Moorjani"), Sundaram Ravikumar ("Dr. Ravikumar") (collectively, "State Defendants"), and Mount Vernon Hospital ("Mount Vernon"), under 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments. The allegations arise from medical treatment Jones received at Mount Vernon while Jones was a prisoner at Fishkill Correctional Facility ("Fishkill") in Dutchess County, New York. Jones alleges that Dr. Ravikumar and Dr. Moorjani caused him to suffer serious bodily injury by providing unwanted and unauthorized medical treatment.

Jones's application to proceed in forma pauperis ("IFP") was granted on May 8, 2013. (Dkt. No. 4.) On July 10, 2013, State Defendants filed a motion to revoke Jones's IFP status. (Dkt. No. 15.) Jones moved for Default Judgment against Dr. Ravikumar and Mount Vernon on July 18, 2013. (Dkt. No. 18.) On December 13, 2013, Magistrate Judge Cott issued a Report and Recommendation ("R&R") recommending that both motions be denied. (Dkt. No. 31.) Objections were timely filed by State Defendants on January 13, 2014. (Dkt. No. 34). For the reasons that follow, the Court adopts Magistrate Judge Cott's R&R in its entirety, denies State

Defendants' motion to revoke Jones's IFP status, and denies Jones's motion for a directed verdict.

## BACKGROUND[1]

### I.  Facts

In September 2012, Jones was incarcerated at Fishkill. Prior to his incarceration, he had an arteriovenous graft ("AV-graft") inserted in his left forearm at Westchester County Medical Center ("WCMC") so he could receive dialysis. He also received a bone marrow transplant, which made him vulnerable to low red blood cell and hemoglobin levels.

While at Fishkill, a routine test revealed that Jones had decreased blood flow in his AV-graft and he was taken to Dr. Ravikumar's office in Dobbs Ferry, where he received a declotting procedure. The following day, a nurse at Fishkill discovered that Jones's AV-graft had become fully blocked despite the prior day's procedure. Jones was transported to the emergency room at Mount Vernon, where Dr. Ravikumar is a surgeon. Dr. Ravikumar re-examined Jones and performed surgery. During his nine-day admission to Mount Vernon, Jones also came under the care of Dr. Moorjani. After regular blood tests revealed that Jones's red blood cell and hemoglobin counts were deteriorating, he received two blood transfusions and was fitted with a perma catheter.

Jones was transported to WCMC on October 12, 2012 and placed under the care of Dr. Tauseef Ahmed, the physician who had carried out Jones's bone marrow transplant. Dr. Ahmed allegedly informed Jones that his red blood cell count deteriorated as a result of Mount Vernon's failure to administer the drug Epoetin, as Ahmed previously ordered. Jones claims that as a result of the unauthorized procedures and treatment, he suffers severe pain in his left arm,

---

[1] Unless otherwise indicated, all facts herein are taken from the R&R.

numbness, an involuntary twitch, and some loss of use of his left hand. Accordingly, Jones seeks $25,000,000 in compensatory damages and attorney's fees.

The current action, however, is not Jones's first foray into federal litigation. Jones has been a plaintiff in at least 21 separate actions since 1997, mostly in the Southern and Eastern Districts of New York. Five of these actions were at least partially dismissed with prejudice for failure to state a claim. State Defendants rely on these dismissals in support of their motion to revoke Jones's IFP status under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. Additionally, Jones has three other actions currently pending in the Southern District. In one of these cases, U.S. District Judge Nelson S. Roman denied a motion to revoke Jones's IFP status for substantially the same reasons as set forth in Magistrate Judge Cott's R&R. See Order, Jones v. Midelton, No. 12 Civ. 02087 (NSR) (S.D.N.Y. Dec. 23, 2013), Dkt. No. 51.

## II. Magistrate Judge Cott's R&R

Magistrate Judge Cott recommended that the Court deny State Defendants' motion to revoke Jones's IFP status and Jones's motion for default judgment against Dr. Ravikumar and Mount Vernon. First, the Magistrate Judge concluded that Jones should not lose his IFP status because only two of the five case dismissals put forth by State Defendants qualify as a "strike" under the PLRA. The first strike was Jones v. City of N.Y., No. 10 Civ. 3940 (S.D.N.Y. May 12, 2010), which was dismissed for failure to state a claim. The second strike was Jones v. Connolly, No. 09 Civ. 3287 (S.D.N.Y. Feb. 16, 2010), which was dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

Magistrate Judge Cott concluded that the three other lawsuits were not strikes under the PLRA. First, Jones v. N.Y.C. Police Dep't, No. 09 Civ. 3504 (E.D.N.Y. Dec. 15, 2009), did not qualify as a strike because Jones was not incarcerated when the action was filed. Second, Jones

3

v. Fischer, No. 07 Civ. 7589 (S.D.N.Y. Aug. 7, 2008), did not qualify as a strike because several of the claims were dismissed with prejudice for improper venue. Since only dismissals of an "action or appeal" constitute a strike, see § 1915(g), an entire action—not merely some of its claims—must be dismissed for one of the enumerated reasons to qualify as a strike. Third, the Magistrate Judge determined that Jones v. City of N.Y., No. 00 Civ. 6872 (S.D.N.Y. Sept. 13, 2000), was not a strike because Jones paid the full filing fee and did not proceed IFP.

Magistrate Judge Cott also summarily rejected the argument that two actions not relied upon by State Defendants (Jones v. City of N.Y., No. 99 Civ. 8281 (E.D.N.Y. Mar. 16, 2000) and Jones v. Comm'r of N.Y.C. Dep't of Corr., No. 00 Civ. 370 (E.D.N.Y. Mar. 16, 2000)) qualify as strikes under the PLRA. Magistrate Judge Cott noted that U.S. District Judge Edgardo Ramos considered these actions and declined to qualify them as strikes because Jones had affirmed that he prepaid the filing fees in those actions. See Order, Jones v. Midelton, No. 12 Civ. 2087 (ER) (S.D.N.Y. Aug. 31, 2013), Dkt. No. 13.

Regarding the motion for default judgment, Magistrate Judge Cott determined that this drastic remedy was unwarranted. First, the motion for default judgment against Mount Vernon was filed before Mount Vernon was served with the summons and complaint. Second, Dr. Ravikumar timely filed an answer to Jones's complaint. Therefore, Magistrate Judge Cott concluded that default judgment was inappropriate.

## DISCUSSION

### I.  Standard of Review

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection is made to the magistrate's recommendations, the Court is required to review the contested portions de novo. Id.; Pizaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The

4

Court may adopt those portions of the R&R to which "no objections have been made and which are not facially erroneous." Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quotations omitted). When a party does object, however, the objection must be "specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

## II. State Defendants' Objections

State Defendants object to the R&R's recommendation to deny the motion to revoke Jones's IFP status. State Defendants do not challenge Magistrate Judge Cott's conclusion that Jones v. N.Y.C. Police Dep't, No. 09 Civ. 3504 (E.D.N.Y. Dec. 15, 2009), Jones v. Fischer, No. 07 Civ. 7589 (S.D.N.Y. Aug. 7, 2008), and Jones v. City of N.Y., No. 00 Civ. 6872 (S.D.N.Y. Sept. 13, 2000), do not qualify as strikes. Instead, Defendants challenge the factual finding that Jones prepaid the filing fees in Jones v. City of N.Y., No. 99 Civ. 8281 (E.D.N.Y. Mar. 16, 2000), and Jones v. Comm'r of N.Y.C. Dep't of Corr., No. 00 Civ. 370 (E.D.N.Y. Mar. 16, 2000). (See Defendants' Objections to Report and Recommendation ("Def.'s Obj.") at 2-3.)

Defendants' objections are without merit. Jones's affirmation is not the only evidence that Jones paid the filing fees. In Jones v. City of N.Y., No. 99 Civ. 8281 (E.D.N.Y. Mar. 16, 2000), the court received a letter from Jones "enclosing a check in the amount of $150.00 for the filing fee." (Dkt. No. 12.) Similarly, in Jones v. Comm'r of N.Y.C. Dep't of Corr., No. 00 Civ. 370 (E.D.N.Y. Mar. 16, 2000), Jones filed an affidavit averring that he "enclose[d] a check in the amount of $150.00 as payment for filing fees." (Dkt. No. 2.) Although neither docket indicates the receipt of fees or a receipt number, (see Def.'s Obj. at 2-3), the Clerk for the Eastern District of New York did not include receipt numbers for fee-paid actions on the docket until recently, and certainly not in 2000. Further, the denial of Jones's motion to proceed IFP in the City of New York case is irrelevant. (See id. at 2-3.) In fact, that an application to proceed IFP was

pending necessarily means that Jones lacked IFP status at the time of the dismissal. Accordingly, the Court finds that Jones prepaid the filing fees and lacked IFP status in both actions.

Since the filing fees in both cases were prepaid, it is irrelevant that both cases were dismissed on strike-worthy grounds. Accordingly, the Court agrees with Magistrate Judge Cott's holding and, finding no clear error, adopts the R&R in its entirety.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Magistrate Judge Cott's December 13, 2013 R&R in full. Accordingly, State Defendants' motion to revoke Jones's IFP status and Jones's motion for default judgment against Dr. Ravikumar and Mount Vernon are denied.

Dated: New York, New York
January 30, 2014

SO ORDERED

*Paul Crotty*
PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Glynn Jones
2303 Bedford Avenue
Apt. #2
Brooklyn, NY 11226